UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ABDULLA SAEED,<br><br>                      Plaintiff,<br><br>v.<br><br>TTI CONSUMER POWER TOOLS, INC.,<br><br>                      Defendant. | Case No. 23-13234<br>Honorable Linda V. Parker<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO MODIFY DISCOVERY LIMITS AND GRANTING MOTION FOR PROTECTIVE ORDER**
**(ECF NOS. 27, 35)**

**A.**

In this products liability action, Plaintiff Abdulla Saeed sues TTI Consumer Power Tools, Inc. (TTI) over injuries he sustained from the operation of a circular saw. Saeed moved to modify the parties' agreement to limit their requests for production of documents and requests for admissions.[1] ECF No. 27. In the amended joint case management discovery plan, prepared under Federal Rule of Civil Procedure 26(f), the

---

[1] The Honorable Linda V. Parker referred this matter to the undersigned for all pretrial matters excluding dispositive motions under 28 U.S.C. § 636(b)(1). ECF No. 39.

parties agreed that they may each serve 25 interrogatories, 25 requests for production of documents, and 25 request for admissions. ECF No. 17, PageID.63. TTI objected to some of Saeed's requests for production of documents and admissions because of the agreed limits. ECF No. 37, PageID.176-177. For the same and other reasons, TTI objected to the Saeed's notice of deposition *duces tecum* under Federal Rule of Civil Procedure 30(b)(6). ECF No. 35. The Court held a hearing on November 7, 2024, during which TTI agreed that its objections should be treated as a motion for protective order under Federal Rule of Civil Procedure 26(c)(1).

Addressing the parties' motions, the Court first finds that it has discretion to modify the parties' stipulation, but that Saeed has not yet shown good cause for his requested modification. Thus, the Court denies without prejudice Saeed's motion for leave to modify the discovery limits and grants TTI's motion for protective order.

**B.**

Parties may stipulate to limit discovery without court approval unless the stipulation would interfere with court deadlines. Fed. R. Civ. P. 29(b). "The self-evident purpose of this rule is to encourage agreed-upon, lawyer-managed discovery and to eliminate the cost, effort and expense involved in court intervention in discovery through motion practice. To further that

purpose, this Court will generally uphold stipulations that are entered into between the parties." *Widevine Techs., Inc. v. Verimatrix, Inc.*, No. CIVA 2-07-CV-321, 2009 WL 4884397, at *2 (E.D. Tex. Dec. 10, 2009) (cleaned up). That said, "[t]he court may relieve a party from an improvident agreement or one that might work injustice." *Uranium Conts. Litig.*, 570 F.2d 899, 902 (10th Cir. 1978).

In *Uranium Conts. Litig*, the district court enforced a stipulation and barred a continued deposition despite a change in circumstances after the stipulation was entered. *Id*. The Tenth Circuit reversed. "[T]he bar against the further interrogation of Mr. Adams was an abuse of discretion in view of the documents produced after the stipulation and order and the potentially important events they purport to relate. In such changed circumstances, further interrogation of the witness clearly seems justified and not unreasonable." *Id*. at 903. The Tenth Circuit's approach of permitting more interrogation because of changed circumstances, despite the parties' stipulation, aligns with the truth-seeking function of discovery and litigation. *See Sierra Club v. U.S. E.P.A.*, 557 F.3d 401, 408 (6th Cir. 2009); *Flagg v. City of Detroit*, 827 F. Supp. 2d 765, 819 (E.D. Mich. 2011), *aff'd*, 715 F.3d 165 (6th Cir. 2013).

3

But in *Elvis Presley Enterprises, Inc. v. City of Memphis, Tennessee*, the court described a Rule 29(b) stipulation as a contract that "courts must enforce…according to its terms." No. 2:18-CV-02718, 2020 WL 4015476, at *4-*5 (W.D. Tenn. July 16, 2020) (cleaned up). The *Elvis* court found that parties are bound by the terms of their stipulations so long as there had been a meeting of the minds. *Id*. This Court disagrees with treating Rule 29(b) stipulations as unmodifiable contracts.

Rule 29 is entitled "Stipulations About Discovery Procedure," so it should be construed under the principles of discovery law rather than contract law. Unlike a court's duty to enforce contracts, "[t]he discovery rules vest broad discretion in the trial court." *Waters v. City of Morristown, TN*, 242 F.3d 353, 363 (6th Cir. 2001). And even court-ordered deadlines are subject to modification based on good cause or excusable delay. *See, e.g.*, Fed. R. Civ. P. 6(b) & 16(b)(4). Treating Rule 29(b) stipulations as sacrosanct contracts is incompatible with the broad discretion courts enjoy when managing discovery. *Ward v. Am. Pizza Co.*, 279 F.R.D. 451, 458 (S.D. Ohio 2012) ("A district court enjoys broad discretion in managing discovery.").

And because Rule 29(b) stipulations limiting discovery are comparable to scheduling orders that limit the periods for discovery, the

4

Court finds that the party seeking to modify a stipulation must show good cause and a lack of prejudice to the nonmovant.  See *E.E.O.C. v. AutoZone, Inc.*, 248 F.R.D. 542, 543 (W.D. Tenn. 2008) ("In addition to the explicit good cause requirement of Rule 16(b), when deciding whether or not to allow a party to amend a deadline set in the scheduling order, the court should also consider the potential prejudice to the non-movant.").

## C.

Saeed has not yet shown good cause to support his motion to modify the stipulated discovery limits.  In his motion, he makes conclusory claims that the litigation is complex, that he seeks relevant and proportional discovery, and that TTI's discovery responses have been evasive and incomplete.  ECF No. 27.  But his motion specifies no additional requests nor explains why they are needed.  *Id*.  Saeed includes some specific requests in his reply brief that he claims are pivotal.  ECF No. 38.  But he does not explain why those requests are pivotal nor why TTI's earlier discovery responses are inadequate for the needs of this case.  See *Weidman v. Ford Motor Co.*, No. CV 18-12719, 2021 WL 2349400, at *3 (E.D. Mich. June 9, 2021) (denying motion to compel defendant to search for more documents because plaintiffs failed to show that defendant's earlier searches were insufficient to uncover materials plaintiffs sought).

Because Saeed has failed to show good cause for his requested modification of the discovery limits, the Court instructed the parties to proceed with the planned Rule 30(b)(6) deposition.  After the deposition, the parties must meet and confer about Saeed's request for more discovery.  During that meeting, Saeed should make only select and narrowly-tailored requests to fill any gaps in the discovery, and TTI should be reasonable in considering those requests.  Those discussions should be guided by the Court's discussion about proportionality in the *Weidman* opinion.  2021 WL 2349400, at *2-*3.

The parties may then contact the Court for a status conference to address any remaining disputes about Saeed's new discovery requests. Because fact discovery does not close until February 28, 2025, TTI will not be prejudiced by having to engage in further discovery.  ECF No. 18.

**D.**

The Court next addresses TTI's motion for protective order.  ECF No. 35.  Rule 26(c)(1) allows a party from whom discovery is sought to move for an order to protect it from "annoyance, embarrassment, oppression, or undue burden."  The movant bears the burden of showing good cause for a protective order.  *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001). Courts enjoy "broad discretion to decide when a protective order is

6

appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (cleaned up).

TTI objected to Saeed's notice of the Rule 30(b)(6) deposition for three reasons. First, Saeed included a start time of 1:00 p.m. During the hearing, the Court instructed that the deposition should begin in the morning and be completed the same day.

Second, TTI objected to this deposition topic: "Distribution agreements, relationships with Home Depot, and any other relevant retailers involved in the sale and distribution of the product." ECF No. 30, PageID.146. The parties agreed during the hearing that the topic be limited to TTI's distribution agreement with Home Deport about the product at issue.

Finally, TTI objected to ten categories of document requests Saeed included in the deposition notice. *Id.*, PageID.146-147. Those documents fall within Federal Rule of Civil Procedure 34 and exceed the stipulated limit of 25 requests. *See Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116, 124 (E.D. Mich. 2019). And Saeed makes omnibus "all" documents requests, including "[d]ocuments used to prepare the deponent for the deposition, including any internal memos, reports, emails, or other records reviewed or

7

referenced in preparation for answering questions related to the deposition topics."  ECF No. 30, PageID.147.

> Rule 34(b)(1)(A) states that a document request "must describe with reasonable particularity each item or category of items to be inspected." Plaintiff's request for the deponent to bring "any and all documents" reviewed in preparation of the deposition fails the reasonable particularity requirement. And plaintiff's broad request would include documents covered by work-product or attorney-client privilege, and defendant would have to specify each item and category of item to which it objected. Rule 34(b)(2)(B) & (C).

*Edwards*, 331 F.R.D. at 124; *see also Peterson v. Corby*, 347 F.R.D. 192, 195 (E.D. Mich. 2024) (condemning omnibus "any and all" document requests).  For these reasons, forcing TTI to produce the requested documents would impose an undue burden.

The Court therefore grants TTI's motion for protective order as described here.  But for the reasons stated, Saeed may later make selective, narrowly tailored document requests above the stipulated limit with a showing of good cause and lack of prejudice to TTI.

**IT IS ORDERED.**

Dated: November 14, 2024

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

8

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 14, 2024.

s/Davon Allen
DAVON ALLEN
Case Manager
