UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ABDULLA SAEED,<br><br>                      Plaintiff,<br><br>v.<br><br>TTI CONSUMER POWER<br>TOOLS, INC.,<br><br>                      Defendant. | Case No. 23-13234<br>Honorable Linda V. Parker<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER TO MEET AND CONFER
IN PERSON OR BY VIDEOCONFERENCE**

After plaintiff took a Federal Rule of Civil Procedure 30(b)(6) deposition of defendant's designated representative, plaintiff filed a notice identifying categories of additional discovery he seeks. ECF No. 61. The parties have not yet had a chance to meet and confer about that requested additional discovery. The Court now instructs the parties to meet and confer about the proposed additional discovery raised in plaintiff's notice. **The parties must carefully read and follow the rest of this Order**.

The Court will hold a hearing about plaintiff's motion to compel on **September 11, 2025 at 10:30 a.m**. The parties **must meet and confer in good faith in person or by video** as required by E.D. Mich. LR 37.1.

Following the meeting, and by **September 4, 2025**, the parties must file **a joint list of unresolved issues**.  This filing must list each unresolved issue, followed by plaintiff's arguments why the Court should order additional discovery, followed by defendant's arguments in support of its objections.

**The parties' arguments must address relevance to a specific claim or defense, and the proportionality factors under Federal Rule of Civil Rule 26(b)(1).**  See *Helena Agri-Enterprises, LLC v. Great Lakes Grain,* LLC, 988 F.3d 260, 273 (6th Cir. 2021) (describing the collective duty of the parties and courts to consider proportionality in resolving discovery disputes).  The Court will reject any argument that relies on the language of Rule 26(b)(1) before it was amended in 2015 or caselaw that interprets that outdated language.  See *Weidman v. Ford Motor Company*, No. CV 18-12719, 2021 WL 2349400, at *3 (E.D. Mich. June 9, 2021); *Cratty v. City of Wyandotte*, 296 F. Supp.3d. 854, 858 (E.D. Mich. Nov. 8, 2017).

As soon as possible, plaintiff must send defendant a list of the categories of the additional discovery that he seeks but he need not craft specific requests for production of documents or interrogatories.  Defense counsel then must determine the kind of discovery that defendant

2

possesses that falls into those categories, how that discovery is maintained in the ordinary course of business, and who the proper custodians are for any searches for discovery in those categories.  The parties must then have good faith discussions about what additional discovery defendant will produce; whether other depositions of defense representative are appropriate; and, if so, the identity of those other deponents.

Although the Court is not requiring plaintiff to craft requests for production of documents or interrogatories, the legal principles below should guide the parties' discussions.

A party requesting documents must describe each request with reasonable particularity.  Fed. R. Civ. P. 34(b)(1)(A).  A document request should not "call on the producing party to engage in a subjective guessing game of whether a document is responsive." *United States v. Quicken Loans, Inc.*, No. 16-CV-14050, 2018 WL 7351682, at *1 (E.D. Mich. June 5, 2018).  Courts have long condemned omnibus "any and all" document requests.  *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 387-88 (2004) (document requests asking "for everything under the sky" were "anything but appropriate"); *Effyis, Inc. v. Kelly*, No. 18-13391, 2020 WL 4915559, at *2 (E.D. Mich. Aug. 21, 2020) (finding the defendant's exceptionally broad discovery requests violated Fed. R. Civ. P. 26(g)).

The rules also require objections to interrogatories and requests for production of documents to be made with specificity.  Fed. R. Civ. P. 33(b)(4) & 34(b)(2).  A party objecting to a request for production of documents as burdensome must support that objection with affidavits, other evidence, or enough information to allow the Court to make a common-sense judgment.  *In re Heparin Products Liab. Litig.*, 273 F.R.D. 399, 410-11 (N.D. Ohio 2011); *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743-44 (8th Cir. 2018).  The responding party is also warned, "Boilerplate objections are legally meaningless and amount to a waiver of an objection." *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 209–10 (E.D. Mich. 2018).  And "a party cannot cloak its answers in without-waiving objections."  *Aprile Horse Transp., Inc. v. Prestige Delivery Sys., Inc.*, No. 5:13-CV-15-GNS-LLK, 2015 WL 4068457, at *3 (W.D. Ky. July 2, 2015).  In other words, "[a] party either objects to production or produces.  If it produces, the objections are generally deemed waived." *Riley v. NewPenn Kilt, LLC*, No. 518CV00014TBRHBB, 2020 WL 59838, at *2 n.1 (W.D. Ky. Jan. 6, 2020).

The Court will not tolerate a party unilaterally and unreasonably deciding that requested discovery is not relevant or discoverable under proportionality based solely on its own litigation position.  *See Lucas v.*

*Protective Life Ins. Co.*, No. CIV.A.4:08CV00059-JH, 2010 WL 569743, at *3 (W.D. Ky. Feb. 11, 2010) (rejecting argument that underwriting materials were not discoverable based upon the insurer's "unilateral decision that these other guidelines are not relevant to the claims and defenses in this action"); *Johnson v. Serenity Transp., Inc.,* No. 15-CV-02004-JSC, 2016 WL 6393521, at *2 (N.D. Cal. Oct. 28, 2016) ("A party cannot unilaterally decide that there has been enough discovery on a given topic.").

Of final note, to the extent that a responding party claims privilege, it must provide a privilege log as described in Fed. R. Civ. P. 26(b)(5)(A)(ii).

**The parties should not wait until the September 11 hearing to engage in discovery to which they have agreed. The hearing will be only to address any disagreements between the parties.**

At the hearing, the Court will also address adjusting the scheduling order. The parties should be prepared to share proposed new deadlines.

**IT IS SO ORDERED**.

                                              s/Elizabeth A. Stafford
                                              ELIZABETH A. STAFFORD
                                              United States Magistrate Judge

Dated: July 9, 2025

## **NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 9, 2025.

                                            s/Davon Allen
                                            DAVON ALLEN
                                            Case Manager